**WALTON et al. v. LOPEZ.**    (No. 6960.)

(Court of Civil Appeals of Texas. San Antonio. May 9, 1923. Rehearing Denied June 6, 1923.)

1. **Appeal and error**  ⊸1001(1)—**Where verdict is based on improper and vague evidence, and jury's findings are not warranted, judgment will be set aside.**

Where the verdict is based partly on figures appearing on the outside of a box of documentary evidence taken to the jury room, and partly on vague special findings, which were contradicted by proved facts, and where the issues submitted were vague, and based on unconvincing evidence, the judgment will be set aside as not sustained by the evidence.

2. **Appeal and error**  ⊸1140(1)—**Correction of verdict when not sustained by the evidence.**

Where the jury made vague findings, partly contradicted by proved facts, and the issues submitted to them were not clearly made out by the evidence, resulting in an inaccurate estimation of damage, the defendant is entitled to reversal, unless within 10 days appellee will remit all but what the evidence clearly warranted and defendant admitted.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Action by Hilario Lopez against W. W. Walton and another, doing business as Walton & Stockton. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Boone, Pope & Savage, of Corpus Christi, for appellants.

Kleberg, Stayton & North, of Corpus Christi, for appellee.

---

FLY, C. J. Appellee sued D. H. Stockton and W. W. Walton, engaged in renting or farming on shares under the firm name of Walton & Stockton, alleging that in the latter part of 1919 or first part of 1920 appellants engaged appellee to cultivate 112 acres of their land in cotton, under the agreement that appellee furnish all the labor and one-half the gin charges and plant, cultivate and market the crop raised, that the land, implements, and other necessary things be furnished by appellants, and they should also advance necessary supplies and expenses for appellee and family, such advances to be repaid by appellee; that the latter performed his part of the contract, and turned over to appellants for sale and division 71 bales of cotton and 35 tons of cotton seed, of the market value of $17,000, one-half of which was the property of appellee. Appellee alleged that appellants had failed to fully account to him for his share of the crop, and were indebted to him in the sum of $3,208.56. Appellants denied that they owed anything to appellee, except a balance of $50.07, which they offered to pay. The cause was submitted to a jury on special issues, and upon the answers judgment was rendered in favor of appellee for the sum of $385.95.

In answer to the special issues the jury found that appellee was to have one-half the premium on the lint cotton coming from improved cotton seed to be furnished by appellants; that appellants were indebted to appellee, in addition to the admitted sum of $50.07, in the sums of $207.38 and $127.50, aggregating $334.88; that appellants had converted to their own use the half of the seed belonging to appellee, and the market value of such half was $515.63.

Appellants assail the findings of the jury as to all amounts, except $14.70 charged by appellants for expenses to Brownsville, and $27.10 for a tent charged by appellants to appellee. These two items would, with the $50.07 admitted to be due appellee, amount to $91.87. The $207.38 found by the jury to be due to appellee arises from an account of appellants against appellee for files, cane seed, cash for trip to Brownsville, knives, cotton sacks, blacksmith work, interest, insurance on seed cotton, cash, and a tent. Deducting the two items of tent and trip to Brownsville—that is, $41.80—would leave $166.58. None of the items were alleged to be unjust, except ones mentioned, which amounted in the aggregate to $108.27. That sum, subtracted from the $207.38, would leave appellee indebted to appellants in the sum of $99.11. The jury were interrogated as to what the item of $127.50 was based upon, and stated that it was the sum of $516.63, found as the value of one-half the cotton seed, less the charge for ginning, baggage, and ties used on the bales of cotton.

[1, 2] The evidence on the motion to set aside the answers of the jury disclosed that the jury found certain figures on a box containing documentary evidence which they carried into the jury room, and which, when added, amounted to $207.38, and made these figures the basis of a part of their verdict. The uncontradicted evidence showed that appellee was indebted for all the items going to make up the $207.38 found by the jury in favor of appellee, except the sum of $41.80, the amount for trip to Brownsville and the tent.

So much doubt and uncertainty existed as to the basis for the findings as to the $127.50 and $207.38 that the jury was interrogated in regard to them, and it was ascertained that figures on a box top formed the basis for the $207.38, and that in some way not disclosed the $127.50 came out of a finding for $515.63 for cotton seed. The evidence fails to sustain the verdict and judgment for $385.95.

The issues submitted to the jury were not as clear as they might have been, and the answers are so obscure and confusing, and the evidence so unsatisfactory and unconvincing, that we do not feel disposed to allow the judgment to stand.

Appellants having admitted the justice of a claim for $91.87, the judgment will be affirmed for that sum, if within 10 days a remittitur of $294.08 is filed herein by appellee; otherwise, the judgment will be reversed, and the cause remanded.